# Meyers *v.* Moorehead, Brothers & Company, Incorporated, Appellant.

*Negligence—Master and servant—Dangerous appliances.*

Whilst it is true that the measure of responsibility by an employer to his employee is negligence and not danger, yet it is possible to show negligence by the maintenance of dangerous conditions under which the employee labors or renders service.

*Negligence—Master and servant—Contributory negligence.*

An experienced millwright cannot recover damages from his master for personal injuries where it appears that of his own accord, he undertook to do the work at which he was injured, at an unusual time and place, with an unusual tool, and in an unusual manner, while he could have done the work under proper conditions and with proper facilities furnished by his employer.

Argued May 3, 1905. Appeal, No. 194, April T., 1905, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. Term, 1903, No. 545, on verdict for plaintiff in case of Charles S. Meyers v. Moorhead Brothers & Co., Incorporated. Before BEAVER, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $849. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2–7) various rulings on evidence referred to in the opinion of the Superior Court.

W. S. Dalzell, of *Dalzell, Scott & Gordon*, for appellant, cited: Purdy v. Westinghouse Electric, etc., Co., 197 Pa. 257 ; Cunningham v. Bridge Works, 197 Pa. 625.

George H. Calvert, for appellee, cited: Finnerty v. Burnham, 205 Pa. 305 ; McGuigan v. Beatty, 186 Pa. 329; Doyle v. Pittsburg Waste Co., 204 Pa. 618; Bannon v. Lutz, 158 Pa. 166 ; DeGrazia v. Piccardo, 15 Pa. Superior Ct. 107.

OPINION BY BEAVER, J., July 13, 1905 :

The defendant corporation operated an iron-rolling mill, at which plaintiff was employed as a millwright. At the time of the accident of which he complains, the plaintiff, with fifteen years' experience, was employed in making certain repairs in a part of the defendant's mill. He had worked during the day and returned after supper to continue his work during the night, or at least a portion of it. The accident occurred at half past seven o'clock in the evening. A steel pin, an inch and a quarter in diameter and about ten inches long, had been burred, or the edge turned by a hammer or in some other way. It was necessary to grind the burr off. A grindstone used, and suitable, for such a purpose was in the building in which the plaintiff was employed. It was not running at the time, however, although connected with an engine through which power

was applied to turn it.   The plaintiff, instead of applying the power and using the stone, crossed the railroad track and entered the machine shop, in which was a fine-grained stone of smaller size used for grinding tools.   It was comparatively dark.   He had never used the stone before.   Without making inquiry in regard to the matter, without securing additional light, he went to this stone and attempted to grind the burr off the pin by holding it at the corner or side of the stone instead of upon its face, the stone revolving toward him.   He had scarcely applied the pin to the stone when it was caught in some manner, not clearly explained by him, and his hand dragged down, so that it became wedged between a lug which extended from the face plate along the side of the stone and about an inch from it.   The momentum carried his hand into this space between the iron lug and the stone and, as a result, two of his fingers were taken off.   He sought to recover in the court below, because of the negligence of the defendant in maintaining a grindstone which had an irregularity upon its side which caught the burr upon the pin which the plaintiff was endeavoring to grind off, and this caused the accident.

Two questions are raised by the assignments of error ; the first of which is as to the refusal of the trial judge to affirm the point that " under all the evidence in the case, the verdict must be for the defendant."   The others relate to the admission of testimony showing the dangerous condition of the stone and its appliances, in the use of which the plaintiff was injured.

We see no error in the admission of the testimony to which the objection was made.   Whilst it is true that the measure of responsibility by an employer to his employee is negligence and not danger, yet it is possible to show negligence by the maintenance of dangerous conditions under which the employee labors or renders service.   We see no error, therefore, in the admission of the testimony of which the defendant complains in the several specifications of error relating thereto.   It was not improperly used in the charge.

As to the general charge of the trial judge, there is no complaint.   The law in regard to the relative and reciprocal duties of employer and employee was carefully, clearly, fairly and fully stated.   Indeed as to this portion of the charge it was all defendant could ask.   The complaint is that, under all the

evidence of the plaintiff, and particularly his own testimony, he was not entitled to recover, and that the jury should have been so instructed. We think there is substance in this complaint.

The plaintiff, an experienced millwright, familiar with his surroundings, having been at work for the defendant, at the particular time at which he was injured, for fourteen days prior to the injury, undertook, of his own accord, without direction from or consultation with anyone representing the defendant, at an unusual time—7 : 30 in the evening, when the machine shop was not occupied for work, no one but Mr. Silk being present; at an unusual place—not the place where he was working, where there was a grindstone suitable for the purpose for which he wished to use one, but in the machine shop across the railroad from where he was employed; under unusual conditions—Plaintiff says : " It was rather dark in there. They had a little incandescent light, not over the stone, but about ten feet away from it. It was pretty dark; I could n't see much ; " for an unusual purpose—he used a grindstone maintained for the purpose of sharpening machinists' tools by grinding upon its face, around the corner from the face upon the side, to reduce or remove a burr from the end of a steel pin ; in an unusual manner—with the stone revolving toward him, instead of standing upon the opposite side of the stone with it revolving from him, his testimony in regard to this mode of grinding being : " Q. Is it customary to do the character of grinding which you had to do on the back of the stone ? A. Well, I don't know. It is customary to do it I suppose, but I never did it ; I never did—never could "—to do work for which proper facilities, under proper conditions, were furnished by the defendant. Under these circumstances, described in the plaintiff's own testimony, we fail to see any evidence of negligence on the part of the defendant ; but, admitting that the plaintiff's testimony, taken as a whole, might be properly submitted to a jury for the purpose of enabling them to infer negligence, the plaintiff surely did not show a case clear of contributory negligence, and for this reason we think he was not entitled to recover. The defendant's point should, therefore, have been affirmed.

Judgment reversed.